United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FINISAR CORPORATION, a Delaware corporation,<br><br>    Plaintiff,<br><br>  v.<br><br>SOURCE PHOTONICS, INC., a Delaware corporation, MRV COMMUNICATIONS, a Delaward corporation, NEOPHOTONICS CORPORATION, a Delaware corporation, and OPLINK COMMUNICATIONS INC., a Delaware corporation,<br><br>    Defendants.<br>                                               / | No. C 10-00032 WHA<br><br>**ORDER SEVERING PARTIES DUE TO MISJOINDER AND DISMISSING ALL BUT THE FIRST NAMED DEFENDANT** |

    The parties are well aware of the misjoinder issues addressed by this order. In brief, plaintiff has asserted *eleven* patents in this action (Dkt. No. 1). These eleven patents cover *694* claims, of which plaintiff plans to assert "somewhere around 50" (Dkt. No. 46 at 7). At the receiving end of this undifferentiated assault are four separate unrelated corporations, each with its own separate unrelated set of accused products. While these products — according to plaintiff's counsel — allegedly "perform in the same way as it relates to the infringing technology," counsel nevertheless admitted at the recent April 14 case management conference that "the accused infringing devices are different" (*id.* at 17–18). No conspiracy is alleged. No joint action is alleged. No common transaction or occurrence is alleged. Even crediting plaintiff's argument that this dispute involves an industry standard that supposedly reads on the

1  patents-in-suit, this does *not* entitle plaintiff to improperly circumvent filing fees and bring a
2  single massive civil action against any entity that manufactures products using that standard.
3  For each of the hundreds of accused products, the all-elements rule for infringement must still be
4  applied. The burden such a maneuver would place on a single judge — who would get credit for
5  only *one* civil action under our assignment system — would be erroneous.*

6  This case exemplifies such a maneuver by counsel. Plaintiff essentially filed a single
7  action against four separate entities that manufacture different products. Counsel freely admits
8  the truth of this statement (*ibid.*). Since defendants are *not* accused of conspiring with each other,
9  the thin thread tying these four defendants together is the mere allegation that their respective
10 products practice a particular industry standard (*id.* at 17). Counsel's memorandum addressing
11 the Court's concerns does not shy away from this theory of joinder — rather, it embraces it (*see*
12 Dkt. No. 49 at 1). Finally, since plaintiff has generally asserted all eleven patents against
13 defendants as a group, it is *impossible* to figure out which individual patents are specific to each
14 defendant, much less which claims.

15 Normally, this should have been four separate lawsuits, one against each named
16 defendant. FRCP 21 provides that "[p]arties may be dropped or added by order of the court on
17 motion of any party *or of its own initiative* at any stage of the action and on such terms as are
18 just." For the reasons mentioned in this order and at the April 14 case management conference,
19 all defendants except Source Photonics, Inc. are **DISMISSED WITHOUT PREJUDICE**. This
20 dismissal is without prejudice to plaintiff filing a motion to relate any newly filed action to this
21 first-filed case. The severing of these defendants is also without prejudice to the possible
22 coordination (perhaps as to the defenses of invalidity and/or inequitable conduct) of the separate
23 proceedings if warranted by considerations of judicial economy, such as if the same claims are in
24 play against various defendants and the theories of invalidity, if raised, are the same.

---

28  * The eleven patents and 694 claims do not even take into account the four patents injected into this controversy by defendants' counterclaims.

2

Finally, plaintiff's pending motion to dismiss defendants' counterclaims will remain on calendar, but will be limited to those counterclaims asserted by the remaining defendant.

**IT IS SO ORDERED.**

Dated: May 5, 2010.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE