Daniel Johnson, Jr. (State Bar No. 57409)
Michael J. Lyons (State Bar No. 202284)
Harry F. Doscher (State Bar No. 245969)
MORGAN, LEWIS & BOCKIUS LLP
2 Palo Alto Square
3000 El Camino Real, Suite 700
Palo Alto, CA  94306-2122
Tel:  650.843.4000
Fax:  650.843.4001
E-mail:  djjohnson@morganlewis.com
E-mail:  mlyons@morganlewis.com
E-mail:  hdoscher@morganlewis.com

Attorneys for Plaintiff and Counterdefendant
FINISAR CORPORATION

Robert T. Haslam (Bar No. 71134)
COVINGTON & BURLING LLP
333 Twin Dolphin Drive, Suite 700
Redwood Shores, CA 94065
Tel: 650-632-4700
Fax: 650-632-4800
E-mail:  Rhaslam@cov.com

Alan H. Blankenheimer (Bar No. 218713)
Laura E. Muschamp (Bar No. 228717)
Jo Dale Carothers (Bar No. 228703)
COVINGTON & BURLING LLP
9191 Towne Centre Drive, 6th Floor
San Diego, CA 92122-1225
Tel: 858-678-1800
Fax: 858-678-1600
E-mail: ablankenheimer@cov.com
E-mail: lmuschamp@cov.com
E-mail: jcarothers@cov.com

Attorneys for Defendant and Counterclaimant
SOURCE PHOTONICS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FINISAR CORPORATION,<br><br>            Plaintiff and Counterdefendant,<br><br>                    v.<br><br>SOURCE PHOTONICS, INC.,<br><br>            Defendant and Counterclaimant. | Case No. CV 10-00032 WHA<br><br>**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER** |

1.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order (the "Order"). The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. The parties further acknowledge, as set forth in Section 10, below, that this Order creates no entitlement to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

2.   DEFINITIONS

2.1   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.2   Disclosure or Discovery Material: all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.3   "Confidential" Information or Items: information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.4   "Highly Confidential – Attorneys' Eyes Only" Information or Items: extremely sensitive "Confidential Information or Items" whose disclosure to another Party or non-party would create a substantial risk of serious injury that could not be avoided by less restrictive means.

2.5   "Highly Confidential Code": extremely sensitive "Confidential Information or Items" that constitute or contain any electronic or computer code, including, but not limited to,

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2                                    1                    STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

software, firmware, source code, object code, listing files generated by compilers or assemblers, intermediate files created during the build process, test programs and scripts, test results, and source code or object code for associated tools (collectively "Source Code").

2.6     Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

2.7     Producing Party:  a Party or non-party that produces Disclosure or Discovery Materials in this action.

2.8     Designating Party:  a Party or non-party that designates Disclosure or Discovery Materials produced in this action as "Confidential", "Highly Confidential – Attorneys' Eyes Only", or "Highly Confidential Code."

2.9     Protected Material: any Disclosure or Discovery Material that is designated as "Confidential", "Highly Confidential – Attorneys' Eyes Only" or "Highly Confidential Code."

2.10.   Outside Counsel: attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action, as well as their support staff.

2.11    House Counsel: attorneys who are employees of a Party.

2.12    Counsel (without qualifier): Outside Counsel and House Counsel (as well as their support staffs).

2.13    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action and who is not a past employee of a Party or a current employee of a Party or a Party's competitor and who, at the time of retention, is not anticipated to become an employee of a Party or a Party's competitor. This definition includes a professional jury or trial consultant retained in connection with this litigation.

2.14    Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

3.    SCOPE

The protections conferred by this Order cover not only Protected Material (as defined

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2

2

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

1    above), but also any information copied or extracted therefrom, as well as all copies, excerpts,

2    summaries, or compilations thereof, plus testimony, conversations, or presentations by parties or

3    counsel to or in court or in other settings that might reveal Protected Material.

4    4.    DURATION

5        Even after the termination of this litigation, the confidentiality obligations imposed by this

6    Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order

7    otherwise directs.

8    5.    DESIGNATING PROTECTED MATERIAL

9        5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party

10   or non-party that designates information or items for protection under this Order must take care to

11   limit any such designation to specific material that qualifies under the appropriate standards. A

12   Designating Party must take care to designate for protection only those parts of material,

13   documents, items, or oral or written communications that qualify – so that other portions of the

14   material, documents, items, or communications for which protection is not warranted are not

15   swept unjustifiably within the ambit of this Order.

16       Mass, indiscriminate, or routinized designations are prohibited. Designations that are

17   shown to be clearly unjustified, or that have been made for an improper purpose (e.g., to

18   unnecessarily encumber or retard the case development process, or to impose unnecessary

19   expenses and burdens on other parties), expose the Designating Party to sanctions.

20       If it comes to a Party's or a non-party's attention that information or items that it

21   designated for protection do not qualify for protection at all, or do not qualify for the level of

22   protection initially asserted, that Party or non-party must promptly notify all other parties that it is

23   withdrawing the mistaken designation.

24       5.2    Manner and Timing of Designations. Except as otherwise provided in this Order

25   (see, e.g., second paragraph of section 5.2(a) and 5.2(d), below), or as otherwise stipulated or

26   ordered, material that qualifies for protection under this Order must be clearly so designated

27   before the material is disclosed or produced.

28       Designation in conformity with this Order requires:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2                                    3                    STIPULATED PROTECTIVE ORDER
                                                                       CASE NO. 10-CV-00032 (WHA)

(a)     <u>for information in paper form</u> (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE" at the top or bottom of each page that contains Protected Material.  If the Receiving Party believes a portion of the page so designated does not contain Protected Material or should be given a lower level of protection, the Receiving Party may make a request to the Producing Party that that portion be de-designated.  The change in the level of protection may be indicated by making appropriate markings in the margins of the affected page.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents qualify for protection under this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL", "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE") at the top or bottom of each page that contains Protected Material.  If the Receiving Party believes a portion of the page so designated does not contain Protected Material or should be given a lower level of protection, the Receiving Party may make a request to the Producing Party that that portion be de-designated.  The change in the level of protection may be indicated by making appropriate markings in the margins of the affected page.

(b)     <u>for testimony given in deposition or in other pretrial or trial proceedings</u>, that a Party or non-party seeking to designate testimony under this Order may so identify on the record, before the close of the deposition, hearing, or other proceeding, any portions of the testimony that the Party or non-party intends to designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE."  A Party or non-party seeking to designate testimony under this Order may also up to 30 days

following receipt of the transcript from the court reporter, identify, in writing, the specific portions of the testimony as to which protection is sought and specify the level of protection being asserted ("CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE").  Only those portions of the testimony that are appropriately designated for protection within the 30 days shall be covered by the provisions of this Order.

Transcript pages containing Protected Material must be separately bound by the court reporter, who must affix to the top or bottom of each such page the legend "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE" as instructed by the Party or nonparty making the designation.

(c)      for information produced in some form other than paper, and for any other tangible items, that the Producing Party must either affix in a prominent place on the exterior of the container or containers or media in which the information or item is stored and/or produced the legend "CONFIDENTIAL,"  "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE" or, if that is not practicable, use other reasonable efforts to communicate the designation to the Receiving party, in writing.  If the Receiving Party believes a portion of the information or item so designated does not contain Protected Material or should be given a lower level of protection, the Receiving Party may make a request to the Producing Party that that portion be de-designated.

(d)      for information or items produced by other Parties or non-parties (e.g., documents obtained by third-party subpoenas), that a Party wishes to designate under this Order, the Party must, shortly after receiving such information or items, notify all other Parties in writing of the designation, describing the information or items at issue (e.g., by bates number) and the level of protection claimed with respect to such information or items; all other Parties shall then apply the appropriate legend to the information or items in accordance with the preceding paragraphs, depending on the type of information or item.

5.3      Inadvertent Failures to Designate. A Designating Party that inadvertently fails to

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2

5

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

mark information or items as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "HIGHLY CONFIDENTIAL CODE" at the time of production shall be allowed to correct such failure at any time.  In that event, the Designating Party shall provide notice in writing to all Receiving Parties, accompanied, as necessary, by appropriately marked substitute copies of such information or items.  Upon receipt of such notice, a Receiving Party will take appropriate steps to assure that the previously unmarked information or items are treated as Protected Material in accordance with the provisions of this Order, including retrieving and returning or destroying all previously unmarked or mismarked copies of the information or items.

6.      CHALLENGING CONFIDENTIALITY DESIGNATIONS

       6.1    Timing of Challenges.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

       6.2    Meet and Confer.  A Party that elects to initiate a challenge to a Designating Party's confidentiality designation must do so in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) with Counsel for the Designating Party. In conferring, the challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. A challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

       6.3    Judicial Intervention.  A Party that elects to press a challenge to a confidentiality designation after considering the justification offered by the Designating Party may file and serve a motion under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) that identifies the challenged material and sets forth in detail the basis for the challenge. Each

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2                                    6                        STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

1   such motion must be accompanied by a competent declaration that affirms that the movant has

2   complied with the meet and confer requirements imposed in the preceding paragraph and that sets

3   forth with specificity the justification for the confidentiality designation that was given by the

4   Designating Party in the meet and confer dialogue.

5          The burden of persuasion in any such challenge proceeding shall be on the Designating

6   Party. Until the court rules on the challenge, all parties shall continue to afford the material in

7   question the level of protection to which it is entitled under the Designating Party's designation.

8   7.     ACCESS TO AND USE OF PROTECTED MATERIAL

9          7.1    Basic Principles.  A Receiving Party may use Protected Material that is disclosed

10  or produced by another Party or by a non-party in connection with this case only for prosecuting,

11  defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to

12  the categories of persons and under the conditions described in this Order. When the litigation has

13  been terminated, a Receiving Party must comply with the provisions of section 11, below (FINAL

14  DISPOSITION).

15         Protected Material must be stored and maintained by a Receiving Party at a location and

16  in a secure manner that ensures that access is limited to the persons authorized under this Order.

17         7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

18  ordered by the court or permitted in writing by the Designating Party, a Receiving Party may

19  disclose any information or item designated CONFIDENTIAL only to:

20             (a)  the Receiving Party's Outside Counsel of record in this action, as well as

21  employees of said counsel to whom it is reasonably necessary to disclose the information for this

22  litigation;

23             (b)  the officers, directors, and employees (including House Counsel) of the

24  Receiving Party to whom disclosure is reasonably necessary for this litigation and who have

25  signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

26             (c) Experts of the Receiving Party to whom disclosure is reasonably necessary for

27  this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit

28  A);

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2

7

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

1    (d)  the Court and its personnel;

2    (e)  court reporters, their staffs, and Professional Vendors to whom disclosure is

3  reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

4  Protective Order" (Exhibit A);

5    (f)  during their depositions, witnesses in the action to whom disclosure is

6  reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

7  (Exhibit A).  However, the Producing Party may object to the disclosure of Protected Material

8  based on a good faith concern about potential harm resulting from such disclosure to any witness

9  under this paragraph 7.2(f) at any time leading up to and during the deposition, provided that the

10  witness is not a current or former employee of the Producing Party and is not otherwise permitted

11  to receive the Protected Material under this Stipulated Protective Order.  If the Producing Party so

12  objects, the Protected Material shall not be disclosed to the witness, unless and until the

13  Producing Party consents to disclosure or pursuant to a Court Order.  Pages of transcribed

14  deposition testimony or exhibits to depositions that reveal Protected Material must be separately

15  bound by the court reporter pursuant to Section 5.2(b), above, and may not be disclosed to anyone

16  except as permitted under this Stipulated Protective Order; and

17    (g)  the author of the document or the original source of the information or any

18  actual or intended recipients of the document.

19    7.3    Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

20  Information or Items.  Unless otherwise ordered by the court or permitted in writing by the

21  Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY

22  CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

23    (a)  the Receiving Party's Outside Counsel of record in this action, as well as

24  employees of said counsel to whom it is reasonably necessary to disclose the information for this

25  litigation;

26    (b)  Experts (1) to whom disclosure is reasonably necessary for this litigation, (2)

27  who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to

28  whom the procedures set forth in paragraph 7.5, below, have been followed;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2

8

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

1    (c)  the Court and its personnel;

2    (d)  court reporters, their staffs, and Professional Vendors to whom disclosure is

3    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

4    Protective Order" (Exhibit A);

5    (e)  during their depositions, witnesses in the action to whom disclosure is

6    reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"

7    (Exhibit A).  However, the Producing Party may object to the disclosure of Protected Material

8    based on a good faith concern about potential harm resulting from such disclosure to any witness

9    under this paragraph 7.3(e) at any time leading up to and during the deposition, provided that the

10   witness is not a current or former employee of the Producing Party and is not otherwise permitted

11   to receive the Protected Material under this Stipulated Protective Order.  If the Producing Party so

12   objects, the Protected Material shall not be disclosed to the witness, unless and until the

13   Producing Party consents to disclosure or pursuant to a Court Order.  Pages of transcribed

14   deposition testimony or exhibits to depositions that reveal Protected Material must be separately

15   bound by the court reporter pursuant to Section 5.2(b), above, and may not be disclosed to anyone

16   except as permitted under this Stipulated Protective Order; and

17   (f)  the author of the document or the original source of the information or any

18   actual or intended recipients of the document.

19   7.4    Disclosure of "HIGHLY CONFIDENTIAL CODE."  Unless otherwise ordered by

20   the court or permitted in writing by the Designating Party, a Receiving Party may disclose any

21   information or item designated "HIGHLY CONFIDENTIAL CODE" only to:

22   (a)  the Receiving Party's Outside Counsel of record in this action, as well as

23   employees of said counsel to whom it is reasonably necessary to disclose the information for this

24   litigation;

25   (b)  Experts (1) to whom disclosure is reasonably necessary for this litigation, (2)

26   who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A), and (3) as to

27   whom the procedures set forth in paragraph 7.5, below, have been followed;

28   (c)  the Court and its personnel;

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2                                    9                    STIPULATED PROTECTIVE ORDER
                                                                       CASE NO. 10-CV-00032 (WHA)

(d)  court reporters, their staffs, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A); and

(e)  during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A).  However, the Producing Party may object to the disclosure of Protected Material based on a good faith concern about potential harm resulting from such disclosure to any witness under this paragraph 7.4(e) at any time leading up to and during the deposition, provided that the witness is not a current or former employee of the Producing Party and is not otherwise permitted to receive the Protected Material under this Stipulated Protective Order.  If the Producing Party so objects, the Protected Material shall not be disclosed to the witness, unless and until the Producing Party consents to disclosure or pursuant to a Court Order.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter pursuant to Section 5.2(b), above, and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

7.5     Procedures for Approving Disclosure of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," and "HIGHLY CONFIDENTIAL CODE" Information or Items to Experts

(a)  Unless otherwise ordered by the court or agreed in writing by the Designating Party, a Receiving Party that seeks to disclose to an Expert any information or items that have been designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE" first must make a written request to the Designating Party that (1) identifies the specific categories, *i.e.*, "CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE," of designated information or items that the Receiving Party seeks permission to disclose to the Expert, (2) sets forth the full name of the Expert and the city and state of his or her primary residence, (3) attaches a copy of the Expert's current resume, (4) identifies the Expert's current employer(s), (5) identifies each person or entity from whom the Expert has received

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2                    10                    STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

1  compensation for work in his or her areas of expertise or to whom the expert has provided

2  professional services at any time during the preceding five years, and (6) identifies (by name and

3  number of the case, filing date, and location of court) any litigation in connection with which the

4  Expert has provided any professional services during the preceding five years.

5         (b)  A Party that makes a request and provides the information specified in the

6  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

7  within seven court days of delivering the request, the Party receives a written objection from the

8  Designating Party. Any such objection must set forth in detail the grounds on which it is based.

9         (c)  A Party that receives a timely written objection must meet and confer with the

10  Designating Party to try to resolve the matter by agreement. If no agreement is reached, the Party

11  seeking to make the disclosure to the Expert may file a motion as provided in Civil Local Rule 7

12  (and in compliance with Civil Local Rule 79-5, if applicable) seeking permission from the court

13  to do so. Any such motion must describe the circumstances with specificity, set forth in detail the

14  reasons for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that

15  the disclosure would entail and suggest any additional means that might be used to reduce that

16  risk. In addition, any such motion must be accompanied by a competent declaration in which the

17  movant describes the parties' efforts to resolve the matter by agreement (i.e., the extent and the

18  content of the meet and confer discussions) and sets forth the reasons advanced by the

19  Designating Party for its refusal to approve the disclosure.

20         In any such proceeding, the Party opposing disclosure to the Expert shall bear the

21  burden of proving that the risk of harm that the disclosure would entail (under the safeguards

22  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

23         7.6.   Procedures for Production and Review of Source Code:  In addition to any other

24  requirements set out in this Order, the following shall govern the production and review of any

25  Source Code in this matter.  A Receiving Party's access to a Producing Party's Source Code shall

26  be limited to those individuals with access under this Order to material designated "HIGHLY

27  CONFIDENTIAL CODE."  Unless otherwise ordered by the Court or agreed to in writing by the

28  Parties, any Source Code will be subject to the following provisions:

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2                                    11                          STIPULATED PROTECTIVE ORDER
                                                                             CASE NO. 10-CV-00032 (WHA)

(a)     Plaintiff's Source Code, produced in electronic format, shall be made available for inspection at the offices of Morgan, Lewis & Bockius LLP, 2 Palo Alto Square, 3000 El Camino Real, Suite 700, Palo Alto, CA 94306.

(b)     Defendant's Source Code, produced in electronic format, shall be made available for inspection at the offices of Covington & Burling LLP, One Front Street, San Francisco, CA 94111-5356.

(c)     The Producing Party shall make any Source Code available on a commercially reasonable basis, and shall provide any tools reasonably necessary to review the Source Code.  The Producing Party may enforce reasonable restrictions on the review of Source Code in electronic format, including making Source Code available on a non-networked computer and prohibiting the use of input/output devices such as USB memory sticks.

(d)     The Producing Party shall provide for secure printing of paper copies of specific portions of its Source Code requested by the Receiving Party.  The Receiving Party shall not request an unnecessarily large portion of the Source Code to be printed.  Any paper copies of the Source Code so printed shall be designated as "HIGHLY CONFIDENTIAL CODE" and treated accordingly.

(e)     Any paper copies of the Source Code retained by the Receiving Party must be kept in a secured container at all times.  Any paper copies of Source Code may not be copied, digitally imaged, or otherwise duplicated, except in limited excerpts necessary to attach as exhibits to depositions, expert reports, or court filings.

(f)     Notwithstanding any other provision herein, Source Code produced in this action and designated "HIGHLY CONFIDENTIAL CODE" shall not leave the United States of America.

8.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Receiving Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2

12

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

"CONFIDENTIAL," "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," or "HIGHLY CONFIDENTIAL CODE" the Receiving Party must so notify the Designating Party, in writing (by fax, if possible) immediately and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

The Receiving Party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Order. In addition, the Receiving Party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena or order to issue.

The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.  The Designating Party shall bear the burdens and the expenses of seeking protection in that court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

10.    FILING PROTECTED MATERIAL

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2                    13                    STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

with Civil Local Rule 79-5.

11.   <u>FINAL DISPOSITION</u>

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must destroy all Protected Material or return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that all the Protected Material was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product, even if such materials contain Protected Material other than "HIGHLY CONFIDENTIAL CODE."  In no event may a Receiving Party retain copies of any documents which contain any Source Code or any information or items designated as "HIGHLY CONFIDENTIAL CODE." Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION), above.

12.   <u>MISCELLANEOUS</u>

12.1   <u>Right to Further Relief</u>. Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2   <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order. Nothing in this Order shall be construed as requiring disclosure of privileged materials, materials subject to protection under the work product doctrine, or materials which are otherwise beyond the scope of permissible discovery.  Similarly, no Party waives any right to object on any ground to the use in evidence of

1  any of the material covered by this Order.

2       12.3  <u>Inadvertent Production of Privileged Information.</u>  If material subject to a claim of

3  attorney-client privilege or work-product immunity is inadvertently produced, such production

4  shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any claim of

5  privilege or work-product immunity for such information. If a Party has inadvertently produced

6  material subject to a claim of immunity or privilege, then promptly following that Party's written

7  request identifying the material for which a claim of inadvertent production is made, that material

8  shall be returned and all copies or reproductions of that material that may have been made shall

9  be destroyed. The Party returning such information may move the Court for an Order compelling

10  production of such information, but the motion shall not assert as a ground for production the fact

11  or circumstances of the inadvertent production

12       12.4  <u>Transmission and Communication of Protected Material</u>.  Nothing in this Order

13  shall prohibit the transmission or communication of CONFIDENTIAL or HIGHLY

14  CONFIDENTIAL – ATTORNEY'S EYES ONLY information or items, or printed copies of

15  HIGHLY CONFIDENTIAL CODE, between or among qualified recipients:

16       (a)  by e-mail, if the material is CONFIDENTIAL or HIGHLY CONFIDENTIAL –

17  ATTORNEY'S EYES ONLY, but <u>not</u> if the material is HIGHLY CONFIDENTIAL CODE;

18       (b)  by hand-delivery;

19       (c)  in sealed envelopes or containers via certified mail, return receipt requested, or an

20  established freight, delivery or messenger service; or

21       (d)  by telephone, telegraph, facsimile or other electronic transmission system; where,

22  under the circumstances, there is no reasonable likelihood that the transmission will be

23  intercepted or misused by any person who is not a qualified recipient.

24  //

25  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2

15

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

1    Dated: May 21, 2010                    MORGAN, LEWIS & BOCKIUS LLP

2

3                                           By /s/ Michael J. Lyons
                                               Michael J. Lyons
4                                              Attorneys for Plaintiff

5    Dated: May 21, 2010                    COVINGTON & BURLING LLP

6

7                                           By /s/ Laura Muschamp
                                               Laura Muschamp
8                                              Attorneys for Defendant
                                               SOURCE PHOTONICS, INC.
9

10

11                          **[PROPOSED] ORDER**

12            PURSUANT TO STIPULATION, IT IS SO ORDERED.

13

14   Dated: _____          _____
                                             Hon. William H. Alsup
15                                           United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2                              16                STIPULATED PROTECTIVE ORDER
                                                             CASE NO. 10-CV-00032 (WHA)

1               <u>EXHIBIT A</u>

2       <u>ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND</u>

3         I, _____ [print or type full name], of

4   _____ [print or type full address],

5   declare under penalty of perjury that I have read in its entirety and understand the Stipulated

6   Protective Order that was issued by the United States District Court for the Northern District of

7   California on _____ in the case of *Finisar Corporation v. Source Photonics,*

8   *Inc.*, N.D. Cal. Case No. 10-CV-00032 WHA.  I agree to comply with and to be bound by all the

9   terms of this Stipulated Protective Order and I understand and acknowledge that failure to so

10  comply could expose me to sanctions and punishment in the nature of contempt. I solemnly

11  promise that I will not disclose in any manner any information or item that is subject to this

12  Stipulated Protective Order to any person or entity except in strict compliance with the provisions

13  of this Order.

14        I further agree to submit to the jurisdiction of the United States District Court for the

15  Northern District of California for the purpose of enforcing the terms of this Stipulated Protective

16  Order, even if such enforcement proceedings occur after termination of this action.

17      Date: _____

18      City and State where sworn and signed: _____

19      Printed name: _____

20          [printed name]

21      Signature: _____

22          [signature]

23

24

25

26

27

28

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676390.2

17

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)

## **FILER'S ATTESTATION**

Pursuant to General Order No. 45, Section X(B) regarding signatures, I, Michael J. Lyons, attest that concurrence in the filing of this document has been obtained from each of the other signatories.  I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 21, 2010

By  /s/ Michael J. Lyons

Michael J. Lyons
Attorneys for Plaintiff

MORGAN, LEWIS &
BOCKIUS LLP
ATTORNEYS AT LAW
SAN FRANCISCO

DB2/21676376.2

18

STIPULATED PROTECTIVE ORDER
CASE NO. 10-CV-00032 (WHA)